**IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY**


THE STATE OF DELAWARE,　　　　)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　No. C.R.　1507023761　(D. Melvin)
　　　　　　　　　　　　　　　　)　　　　　　　1507021781　(Larlham)
　　　DONALD MELVIN,　　　　　)　　　　　　　1507021807　(Graves)
　　　LAURI LARLHAM,　　　　　 )　　　　　　　1507021736　(E. Melvin)
　　　SHAUGHN GRAVES,　　　　　)
　　　ETHEL MELVIN,　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　)


Submitted January 25, 2016
Decided February 5, 2016


*Nicole S. Hartman, Esq., Deputy Attorney General*
*James Liguori, Esq., Attorney for Defendants Larlham, Graves, and Ethel Melvin*
*Alexander Funk, Esq., Attorney for Defendant Donald Melvin*


## DECISION ON DEFENDANTS' MOTION TO COMPEL

On December 7, 2015, Defendants filed a motion to compel the State to disclose the following items: (1) all information about the arrest, prosecution and conviction of two individuals who were previously convicted for the theft of brass flower urns from gravesites within Sharon Hills Memorial Park ("Sharon Hills"); and (2) the names and identifying information of individuals (identified as PC5 through PC27 in police reports) who allege brass flower urns were taken from their family members' plots in Sharon Hills. Defendants also request the names and identifying information of the deceased relatives referred to by those complaining witnesses.

1

The State subsequently disclosed the information requested in item (1). Thus the Court need only address Defendants' request for the names and identifying information for PC5 through PC27, and the names and identifying information of the deceased relatives referred to by PC5 through PC27. For the following reasons, Defendants' motion to compel is **GRANTED.**

## Procedural History and Facts

The State alleges that on April 25, 2015 and May 4, 2015, Defendants Donald Melvin, Lauri Larlham, Shaughn Graves, and Ethel Melvin unlawfully removed brass flower urns from gravesites at Sharon Hills and then sold those urns to Dover Scrap Metal, Inc. The Defendants are charged with some or all of the following: (1) Desecration, in violation of 11 *Del. C.* § 1331, (2) Conspiracy Third Degree, in violation of 11 *Del. C.* § 511(2), and (3) Falsifying Business Records, in violation of 11 *Del. C.* § 871(1).

Defendants filed their motion to compel on December 7, 2015. On December 21, 2015, the State disclosed information about the previous arrest and conviction of two individuals for the theft of brass flower urns from Sharon Hills. On January 5, 2016, the State filed its response to Defendants' motion to compel. Defendants replied on January 18, 2016. The State waived further response to the motion on January 25, 2016.

## Discussion

Defendants contend the State must disclose the names and identifying information requested to avoid violating Defendants' Due Process rights and 6th

Amendment right to effectively cross examine the State's witnesses. The Defendants also argue the State's failure to disclose is a *Brady* violation. The State asserts Chapter 94 of Title 11 of the Delaware Code, the Victims' Bill of Rights, prevents the disclosure of the information requested by Defendants without a court order. The State further argues its failure to disclose does not amount to a *Brady* violation.

The Victims' Bill of Rights only applies to victims and witnesses of certain crimes. 11 *Del. C.* § 9402 states the Victims' Bill of Rights "shall apply to the victims of the crimes defined in § 9401(2) of this title, and to witnesses to such crimes…" 11 *Del C.* § 9401(2) defines 'crime' as "an act or omission committed by a person… *which violates 1 or more of the following sections of this title:…*"[1] (emphasis added). Subsection 9401(2) thereafter lists the specific Title 11 offenses subject to the provisions of the Victims' Bill of Rights.

None of the three charges pending against the various Defendants are listed in Subsection 9401 (2); consequently, the Victims' Bill of Rights does not apply to the alleged victims and witnesses in this case, and cannot be used to justify the nondisclosure of the information requested by Defendants.

Even if the Victim's Bill of Rights was applicable, Section 9403 (a) of the Bill plainly differentiates the information protected from disclosure for victims and witnesses:

> Unless a victim or witness waives confidentiality in writing, neither a law-enforcement agency, the prosecutor, nor the corrections department may disclose, except among themselves or as authorized by law, the residential address, telephone number or place of employment of the victim or a member of the victim's family, *or the identity*, residential address, telephone number or place of employment *of a witness or a member of the witness's family*, except to the extent that disclosure is of the site of the crime, is

---

[1] 11 *Del. C.* § 9401(2).

required by law or the Rules of Criminal Procedure, is necessary for law-enforcement purposes, or is permitted by the court for good cause. (Emphasis added.)

Thus, a victim's identity is not protected under the Bill; only the identities of non-victim witnesses and their families are protected. The individuals whose identities Defendants seek are the owners of the allegedly desecrated vases, and thus are victims and not only witnesses.

Finally, both the identities of the owners of the allegedly desecrated vases, and the identities of the deceased family members upon whose graves those vases rested, are clearly *Brady* material. The identity of an alleged victim obviously may be exculpatory or impeaching, and is fundamental to the preparation of a defense to an alleged crime. That is reflected in the lack of protection afforded the identities of victims in the Victims' Bill of Rights. The Defendants have a right to know whose property the State alleges they desecrated, and which items allegedly were desecrated. The former can only be disclosed by identifying the victims; the latter by identifying the graves from which the vases allegedly were taken. Those graves are identified by the deceased persons buried in them.

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel is **GRANTED.** The State shall disclose to Defendants the names and other identifying information for the witnesses identified in police reports as PC5, PC6, PC7, PC8, PC9, PC10, PC11, PC12, PC13, PC14, PC15, PC16, PC17, PC18, PC19, PC20, PC21, PC22, PC23, PC24, PC25,

4

PC26, and PC27. The State shall also disclose to Defendants the names of the deceased relatives referred to by PC5 through PC27 that are buried at Sharon Hills.

**IT IS SO ORDERED** this _____ day of February, 2016.

_____
**Kenneth S. Clark, Jr.**
**Judge**